## STATE ex HUNT, Prosecuting Attorney v SULLIVAN, et as Board of Elections of Lucas County

Ohio Appeals, 6th Dist, Lucas Co
No 2387. Decided April 30, 1930

Leroy W. Hunt, Prosecuting Attorney, Harry W. Commager, Assistant Prosecuting Attorney and James Nye, all of Toledo, for State ex.

Scott Stahl and Seeley, Wolfe & Rogers, all of Toledo, for Sullivan, et.

PER CURIAM

This court has concluded that the power to enter into a lease to commence after the personnel of the Board changes exists in the Board in the absence of an abuse of discretion in the exercise thereof and that when questioned the burden rests upon the members thereof to show that the lease so sought to be made is for the public interest and therefore justified in the exercise of a sound discretion. The court of common pleas granted a temporary injunction on motion of the plaintiff therefor and thereafter, on hearing had thereon, dissolved the injunction so granted. From this order plaintiff appeals to this court, seeking a temporary injunction.

It is important to note that the defendants have offered proof, in the shape of two affidavits, and that the plaintiff has offered none except the petition, which is positively sworn to. An examination of the affidavits filed on behalf of the defendants discloses that many facts are set forth therein tending to show that reasons of economy and the suitability of the present quarters justify the making of a new lease demising the same. These facts are not denied in the petition, and as no counter affidavits have been filed, we must take them to be true and we can only find from the evidence adduced in defendants' affidavits and not contradicted, that the proposed action in making a new lease for the present quarters is not an abuse of discretion.

We note, however, that defendants say that they are satisfied to enter into a lease of the present quarters for not more than one year and at a rental not exceeding that which is paid at the present time. In view of the situation presented, this court grants a temporary injunction restraining the defendants from entering into a contract leasing the present quarters for a period which exceeds one year, and from paying an additional or increased rental during said period of one year, but no further temporary injunction will be allowed, in view of the state of the record.

Williams, Lloyd and Richards, J., concur.